**UNITED STATES of America ex rel. John H. WOODFOLK**

v.

**Alfred T. RUNDLE.**

**Misc. No. 69–157.**

United States District Court, E. D. Pennsylvania.

Feb. 13, 1970.

John H. Woodfolk, pro se.

David Richman, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

## MEMORANDUM AND ORDER

MASTERSON, District Judge.

In this habeas corpus petition, relator sets forth the following contentions:

(1) that his guilty plea was invalid because it was not voluntarily and intelligently made;

(2) that his guilty plea was invalid because the sentencing judge did not inquire whether his plea was made voluntarily and intelligently;

(3) that his sentence is illegal because his guilty plea was not made in the presence of the sentencing judge;

(4) that he was denied the notes of testimony relating to the entrance of his guilty plea;

(5) that he was denied his right to appeal;

(6) that he was denied due process "through subjection to a 'hostile witness' where he could have no reasonable expectation that said witness could, or would, testify to anything except the crime charged";

(7) that he was denied equal protection of the law in that he was without counsel when he appealed the denial of his post-conviction act petition.

■ We find these contentions to be without merit and hence deny relator's petition. Relator's first contention was presented in his post-conviction act hearing before the Honorable Edward J. Bradley. Upon examination of the notes of testimony of that hearing, we find that this contention was fully explored and correctly decided against petitioner.

Although relator's other contentions have not been presented to the state courts, we have decided to dispose of three of them on the merits since on the record before us we find them lacking in merit.

■ Relator's second contention is without merit for two reasons: (a) it is well-settled that Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), does not apply retroactively and (b) the absence of any inquiry on the record into the voluntary and knowing nature of a guilty plea does not in itself vitiate the plea, but merely shifts the burden of proof to the district attorney. United States ex rel. McCloud v. Rundle, 402 F.2d 853 (3d Cir. 1968). As we have noted above, by our examination of the notes of testimony at relator's post-conviction act hearing, the district attorney has met his burden of proof in this case.

■ Relator's third contention is without merit. A defendant may plead guilty before one judge and be sentenced before another.

■ Relator's fourth contention is also without merit. At his state hearing, relator testified that he had possession of the notes of testimony regarding entering of his guilty plea. (PCHA Notes of Testimony, p. 5).

■ As to contentions (5) (6) and (7), they are denied for failure to exhaust available state remedies. It is hoped that relator, in pursuing his state remedies, will more specifically set forth the factual bases of his contentions.